Mr. Justice:'NELSQN
delivered the opinion of the court.
We are unable to discover any foundation for the decree of the •court below. The pleadings and proofs harrowed the question down to the simple inquiry as to the force and effect of the judgment -between the parties, which had been rendered upon confession. The answer appears to have removed all further complaint about the refusal of Gear to cancel the mortgage 'and disencumber the premises, as the subject is not-carried into, nor made a part of, the decree. That is confined to the order enjoining the defendant,, his agents and attorneys, perpetually from collecting the judgment.
The sole question, therefore, is, whether or not, upon.the pleadings and proofs, the appellant is justly entitled to enforce the payment of this money.
■The bill of complaint admits, and the answer reiterates the admission,'that the mortgage was executed to secure the payment of an unadjusted balance of accounts arising out of extended business transactions. The exact sum being, at the time, unascertained, an. amount was agreed upon, and carried into the mortgage, supposed to be large enough to .cover any balance that might be found due.
Neither party was to be concluded by the mortgage, or the amount agreed upon. The actual indebtedness was to depend upon a future settlement of the accounts.
The proofs confirm this view, and further establish, that the judgment was confessed voluntarily and advisedly', for a balance ascertained, and claimed by Gear to be due over and above the mortgage ; and that thé only reservation made, at the time, was the privilege of correcting errors in the adjustment of the accounts, if any should be made to appear thereafter.
The judgment was not given, as in the case of the mortgage, for an unascertained-balance; and therefore a' security, simply, for whatever sum the plaintiff- might thereafter show to remain due and unpaid. A 'specific ¿um was- claimed', as the true balance of the accounts,' and a suit threatened. . The judgment was confessed for this sum., subject to the'right. of Parish to reduce the amount. Failing.^or omitting to do this, the whole amount, was collectable. The burden lay upon him to show the errors, if any ; that he assumed, according to the very terms upon which he consented to confess the judgment; • and as no errors were shown, or are even pretended, in the case before us, it. is clear the plaintiff is entitled to’ the whole amount of his judgment and to execution for the same ; and that the court below erred-in entertaining the bill and awarding the injunction.
We shall, therefore, reverse the decree, of the court below, with costs, and remit the proceedings, with direction to dissolve the injunction, and. dismiss, the bill with costs of suit.

Order.

This cause came on. to be heard on the transcript of the record' *176 from the Supreme Court for the Territóry of Wisconsin, and was argued by counsel. On consideration whereof, it is now Rere or-, dered and decreed by this court, that the decree of the said Supreme Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded'to. the said Supreme Court, with directions to that' court to dissolve the injunction in this case, and to dismiss the bill of the complainant with costs of suit.