46 U.S. 168
 5 How. 168
 12 L.Ed. 100
 HEZEKIAH H. GEAR, APPELLANT,
v.
THOMAS J. PARISH.
 January Term, 1847
 
 THIS was an appeal from the judgment of the Supreme Court of the Territory of Wisconsin, sitting as a court of chancery.
 Parish filed a bill in the District Court of Iowa County, Territory of Wisconsin, for the purpose of compelling Gear to enter satisfaction of a certain mortgage executed by the former to him, or to reconvey the premises therein, charging, that it had been fully paid and satisfied; and for the purpose, also, of a perpetual stay of a certain judgment confessed, and entered up in favor of Gear against Parish.
 The mortgage was executed on the 27th of April, 1836, and was given to secure the payment of $4,200, four months after date; and the bill charged that the whole amount, with interest thereon, had been paid on the 1st of August, thereafter, and a receipt taken for the same; that Gear had refused to deliver up and cancel the said mortgage, or reassign the premises unless the complainant would pay, in addition, the amount of a certain judgment that had been obtained against him, and which, he charged, was given for part and parcel of the money secured by the mortgage, and of course satisfied with it.
 The defendant, in his answer, set up that previously to the execution of the mortgage the parties had been engaged in extensive business transactions with each other; that he had, at different times, advanced large sums of money to and incurred many liabilities for the complainant; and that the mortgage in question was given to secure the payment of such an amount as complainant would be found indebted in on the final adjustment of their accounts. That no settlement had taken place or balance been struck between them; but that defendant had subsequently ascertained that the sum of $1,562.38 was justly due him, over and above the amount secured by the mortgage. That this demand was placed in the hands of an attorney for collection, whereupon the complainant confessed the judgment in question, with a stay of execution for six months.
 The defendant further answered, and admitted that the mortgage had been fully paid and satisfied; but denied that he had refused to reconvey the mortgaged premises. On the contrary, he had executed and delivered to the compiainant a lease of all his right and title to the premises, and which had been accepted as satisfactory.
 The complainant put in a replication, and the parties went to their proofs.
 There were but two witnesses examined, one of them present at the execution of the mortgage, the other at the giving of the judgment.
 Hamilton, who was present at the execution of the mortgage, states that he was at Galena in the spring of 1836, when the parties were engaged in closing their business; that the amount on book due Gear exceeded $3,000, besides other charges and accounts outstanding, the amount of which was not then ascertained. That it was agreed a mortgage of $4,200 should be given, which, as was supposed by both parties, might be sufficient to cover the whole of the indebtedness; but that a settlement was to be made thereafter, and the exact balance ascertained, and to be adjusted accordingly, whether it should exceed or fall short of the sum specified in the mortgage. Neither party was to be concluded as to the amount; that was to depend upon the final adjustment of the accounts.
 Mr. Turney, the attorney who gave the judgment for Parish, states that he was consulted by him at the time a suit was threatened for the recovery of this balance, claimed as due over and above the mortgage; that at the request of Parish he had an interview with the attorney of Gear on the subject, when it was agreed that, if judgment was confessed for the amount claimed, the mortgage should be given up and cancelled, and all errors corrected, if any, on ascertaining the balance between the parties; that the judgment was given with this understanding.
 Upon this state of the pleadings and proofs, the District Court decreed that the injunction which had been previously issued, enjoining the defendant, Gear, from collecting his judgment against Parish, should be made perpetual, and that the complainant recover his costs of suit.
 On an appeal to the Supreme Court of the Territory, by the defendant, the decree was affirmed, with costs. The case was brought here on an appeal from that decree.
 The cause was argued by Mr. Breese, for the appellant, and Mr. May for the appellee.
 Mr. Breese contended that the decree was erroneous, because the answer of Gear denied all the material allegations of the bill on which the injunction was allowed, and they were not sustained by the depositions of Hamilton and Turney.
 Mr. May, for the appellee.
 The principle questions presented for adjudication in this case are the following:——
 I. Does the bill, answer, and proofs disclose a case in which equity can relieve?
 II. What is the nature and extent of the relief to be granted in this case?
 As to the first proposition, it is submitted that this is a case in which relief can alone be obtained in a court of equity. It may be viewed as an application to compel the specific performance of an agreement, which is exclusively the province of a court of equity; for at law redress may be had after a wrong is done, but equity can interpose and prevent the commission of a wrong. 1 Story's Eq. Jurisp., § 30. The relief sought in this case is the cancellation of a deed, and equity alone can afford this relief. 1 Johns. (N. Y.) Ch., 520.
 But in this case a judgment at law is sought to be rendered inoperative, and all proceedings thereon stayed and restrained. It is true that a judgment at law is conclusive between the parties thereto when the merits have been passed upon, and unless reversed operates as an estoppel; but when, in the procuring of such judgment, fraud or misrepresentation, or any description of mala fides has been practised, equity will grant relief. 2 Story, Eq. Jur., §§ 885, 887; 1 Id., § 192; 1 Fonb. Eq., b. 1, ch. 1, § 3, note f (3d Am. ed., pp. 28, 29). The only way in which a defendant can reverse of annul a judgment at law is by a writ of error; but when a judgment is obtained by confession, he is without redress at law, for confession takes away error.
 But where the plaintiff's attorney, in an action at law, made an agreement with a defendant that if she would confess judgment he would levy an execution, and satisfy the judgment out of the property of another defendant, keeping her harmless; and upon such agreement a judgment was confessed, but the plaintiffs neglected and refused to comply with the agreement, a court of chancery decreed a perpetual injunction of the judgment, and, on appeal, this court affirmed the decree. Union Bank of Georgetown v. Geary, 5 Pet., 99. It is submitted that this case is in all respects in point and conclusive, in this cause, so far as the question of jurisdiction and power to relieve is involved. Equity will relieve against a judgment obtained at law by confession. 3 Harr. & J. (Md.), 568.
 The remaining inquiry in disposing of the first question is as to the case made out by the complainant. The allegations of the bill in relation to the original transactions are, in most material respects, admitted by the defendant, and are also fully proved by the deposition of Wm. S. Hamilton, who states that the books of account of Gear were produced, showing Parish's account, and that the amount of $4,200 was considered by all the parties as amply sufficient to cover all contingencies. The testimony of John Turney fully sustains the averments of the bill in relation to the compact and terms on which Parish confessed the judgment. But it may be argued that inasmuch as the defendant, in his answer, denies the allegations and equity of the bill in relation to this compact or agreement, it should be sustained by stronger proof in order to merit relief. It is conceded that, in equity, where any matter is averred by the complainant in his bill which is material, and the same matter is positively denied by the defendant in his answer, then the answer will prevail, unless the bill is sustained by two witnesses, or one witness and corrborating circumstances; but it is contended and insisted, that in this cause the principle is in no way applicable, and can have no bearing whatever. Equally as clear as the foregoing principle of chancery practice is another, that if a defendant, by his answer, introduces new matter, not responsive to the allegations of the bill, such new matter must be proved by other means (12 Pet., 190), or it cannot avail, and it may prejudice him by evincing a desire, on his part, to evade and lead off to matters foreign to the points in issue, or if a defendant's answer contains contradictory, unreasonable, or irreconcilable statements, or makes averments which are disproved by written instruments on the same point, or if it positively deny charges of which in the very nature of the thing the defendant could have no personal knowledge, then the testimony of one disinterested witness, with corroborating circumstances, will prevail, and in some instances the court will treat the answer as a nullity, disproving itself, and the bill will prevail with one witness. 9 Cranch, 160; 2 Johns. (N. Y.) Ch., 92; 5 Pet., 111; 4 Mon. (Ky.), 174; 1 Munf. (Va.), 373. In this case, Gear, in his answer, positively denies that Parish was induced to confess the judgment by the promise and undertaking of Mr. Hoge. Now it requires no argument to demonstrate that this was a matter of which Gear could have no knowledge whatever. He was not present, and even if he had been informed, still he is unwarranted in stating positively, as of his own knowledge, what were or were not Parish's motives. Moreover, he avers directly that the mortgage or deed was never acknowledged or recorded, and yet the instrument itself, which was then in his possession, directly contradicts his averment, although it may be of but little importance whether this instrument were acknowledged and recorded or not, still a defendant, who has the means of correct knowledge within his exclusive control, is bound and expected to answer truly in all things, and if he make statements in his answer, and at the same time presents that which absolutely disproves those statements, he thereby throws suspicion on his answer, and affects and taints its credibility.
 If, then, the statements of the answer in regard to the agreement between Hoge and Parish are unreasonable and can have no effect, we then have the averments of the bill (which is sworn to) sustained by testimony of Turney, and the admissions of Hoge as proved by Turney. And strong corroborating circumstances are observable in the supineness of Gear in this matter. Hoge was his attorney admitted to be such in the answer, and resided in the same place with him, and if the agreement really was not such as stated by Parish, was it not very easy for him (Gear) to obtain Hoge's deposition disproving the bill? Yet he speaks positively, as of his own knowledge, of transactions and motives of which he could know nothing, except from information, and neglects to use the proof (if any such existed) of these things, which any reasonable man would have certainly resorted to. In this relation, the case from 5 Pet., 111, is very much in point; in that case, as in this, the agreement was with the attorney, and the defendants in that case denied the agreement with their attorney, of which they could have no positive knowledge; in this case the defendant has pursued the same course. The agreement between Parish and Hoge, the appellant's attorney, must be considered as proved. True, it is denied by Gear in his answer, but, as has already been shown, he knew nothing about it, and his denial amounts to nothing. It was expressly and exclusively the consideration in confessing the judgment, and it was a valuable consideration to Parish, as he alleges in his bill, and appears by the testimony of Turney. It would have enabled him to free the title of the lands he had sold, and convey them, and, it may be argued, receive a pecuniary advantage by it; for this consideration Parish relinquished all defense in the suit at law. He states that he owed Gear nothing, that he had a good defence.
 In the language of this court, in 5 Pet., 114,—'It is unnecessary to examine whether this defence would have been available or not; the validity of the contract did not depend upon that question. It is enough that the bank considered it a doubtful question, and that they supposed they were gaining some benefit by foreclosing all inquiries on the subject; and the complainant, by precluding herself from setting up the defence, waived what she supposed might have been of material benefit to her.'
 Gear did not fulfil this agreement, made by his attorney, Hoge; he states, as the reason for his failure, that he could not find the mortgage. But it is afterwards produced, and it must be presumed to have come from his custody. The promise and inducement to the confessing the judgment was not kept by Gear, or realized by Parish. Was not this transaction, then, an imposition or fraud upon Parish? If so, all proceedings on the judgment ought to have been restrained. Did not Gear make, by his attorney, an improper and unfair use of his possession of the mortgage, which had been fully discharged by Parish, as appears by the receipt, and the terms of the mortgage itself to induce Parish to confess the judgment? 1 Sch. & L., 205.
 It is plain that Gear intended to hold the mortgage until the pretended balance was paid. That, as he recollected it, 'said deed was given to secure this defendant the payment of the sum of $4,200, and such other sum as the complainant might be indebted to this defendant.'
 Again, there is no proper jurat to the answer in this case, the answer appears to have been 'sworn to and subscribed' before a proper officer; but it is submitted that this cannot, by correct chancery practice, be taken as a sufficient jurat (1 Harr. Ch. Pr., 218; 1 Turn. & V. Ch. Pr., 544); there is not that certainty as to what the deponent swears to, whether of his knowledge or of his belief (9 Cranch, 160); so that an indictment for perjury might be sustained if the deponent swore falsely. If this position be correct, then the answer in this case is, as in the case in 5 Pet., 99, merely tantamount to the general issue at law, and the material averments of the bill, so far as they are denied by the answer, are fully proved by Hamilton and Turney, and sustained by every reasonable deduction from the circumstances.
 But in relation to the second question presented by this cause, which is as to the nature and extent of the relief to be extended, it is submitted that the main relief sought by the complainant is the cancellation of a deed. The bill, however, prays for a discovery and general relief, and the weight and current of authority is, that when equity obtains cognizance for the purpose of discovery and injunction it will retain the cause in order to do ample justice in cases such as this, where a matter of account is involved. 1 Story, Eq. Jur., § 64; 2 Johns. (N. Y.) Cas., 431; 3 Conn., 141; 10 Johns. (N. Y.), 595; 17 Id., 388; 12 Pet., 188.
 It was no sufficient reason for dissolving the injunction, that Gear afterward offered to give up, release, or cancel the mortgage; the fraud or imposition had been then completed. His faith had been violated. The injury to Parish was then inflicted. His damage may have been suffered. He had been compelled, by Gear's own conduct, to bring him into a court of equity. Being there, Gear was in no wise injured, he had the fullest and fairest right and opportunity to claim his demand, and if just have it allowed.
 The relief given in this case should therefore go farther than the cancellation and pass upon and decide the unsettled account between the parties. If there was, as Gear understood and recollected, an unsatisfied balance charged on the mortgage, that very question was presented for the consideration of the court; as the bill prays to have 'the mortgage indenture cancelled, on paying the balance of the mortgage money, if any,' &c. The account between the parties was then fairly presented to the court.
 The appellant had ample time and opportunity to sustain his account, if any he had, to show that the balance claimed was omitted by mistake or otherwise in the settlement of their accounts in 1836, when the mortgage was given to secure the full sum claimed, and more; but Gear did not offer any evidence to prove the balance of his account.
 Besides, the account on which the judgment was confessed was very properly, under the circumstances, to be reviewed; it was, according to the testimony of Turney, a judgment upon terms, that is, 'any errors in the account sued on would be corrected by Gear.'
 The defendant made the indebtedness of Parish, upon which the judgment was obtained, a substantive allegation in his answer; the onus probandi was with him to prove these allegations, and undoubtedly if he had proved his claim the chancellor would have decreed payment in accordance with equity and justice. But when he neglected to do so, having ample time and opportunity, and being presumed to know his legal rights, and allowed the cause to be heard by the court without the shadow of any such proof, the fair and just inference is that he could not prove any further indebtedness against Parish, especially when Hamilton's testimony shows that the books of account of Gear were produced on the original settlement, and they then presented no such indebtedness; but, on the contrary, all parties appeared satisfied that $4,200 would cover the whole claim.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 We are unable to discover any foundation for the decree of the court below. The pleadings and proofs narrowed the question down to the simple inquiry as to the force and effect of the judgment between the parties, which had been rendered upon confession. The answer appears to have removed all further complaint about the refusal of Gear to cancel the mortgage and disencumber the premises, as the subject is not carried into, nor made a part of, the decree. That is confined to the order enjoining the defendant, his agents and attorneys, perpetually from collecting the judgment.
 
 
 2
 The sole question, therefore, is, whether or not, upon the pleadings and proofs, the appellant is justly entitled to enforce the payment of this money.
 
 
 3
 The bill of complaint admits, and the answer reiterates the admission, that the mortgage was executed to secure the payment of an unadjusted balance of accounts arising out of extended business transactions. The exact sum being, at the time, unascertained, an amount was agreed upon, and carried into the mortgage, supposed to be large enough to cover any balance that might be found due.
 
 
 4
 Neither party was to be concluded by the mortgage, or the amount agreed upon. The actual indebtedness was to depend upon a future settlement of the accounts.
 
 
 5
 The proofs confirm this view, and further establish, that the judgment was confessed voluntarily and advisedly, for a balance ascertained, and claimed by Gear to be due over and above the mortgage; and that the only reservation made, at the time, was the privilege of correcting errors in the adjustment of the accounts, if any should be made to appear thereafter.
 
 
 6
 The judgment was not given, as in the case of the mortgage, for an unascertained balance; and therefore a security, simply, for whatever sum the plaintiff might thereafter show to remain due and unpaid. A specific sum was claimed, as the true balance of the accounts, and a suit threatened. The judgment was confessed for this sum, subject to the right of Parish to reduce the amount. Failing or omitting to do this, the whole amount was collectable. The burden lay upon him to show the errors, if any; that he assumed, according to the vary terms upon which he consented to confess the judgment; and as no errors were shown, or are even pretended, in the case before us, it is clear the plaintiff is entitled to the whole amount of his judgment and to execution for the same; and that the court below erred in entertaining the bill and awarding the injunction.
 
 
 7
 We shall, therefore, reverse the decree of the court below, with costs, and remit the proceedings, with direction to dissolve the injunction, and dismiss the bill with costs of suit.
 
 ORDER.
 
 8
 This cause came on to be heard on the transcript of the record from the Supreme Court for the Territory of Wisconsin, and was argued by counsel. On consideration whereof, it is now here ordered and decreed by this court, that the decree of the said Supreme Court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said Supreme Court, with directions to that court to dissolve the injunction in this case, and to dismiss the bill of the complainant with costs of suit.